E-FILED
Wednesday, 02 August, 2006  10:17:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NALY SOUNTHALA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 06-1149 |
| RICK VEACH, Warden, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] filed by Petitioner, Naly Sounthala ("Sounthala") and the Government's Motion to Dismiss Sounthala's Petition [#5].  For the following reasons, both motions are MOOT.

## BACKGROUND

Sounthala pled guilty in the District of South Dakota to conspiracy with the intent to distribute a controlled substance.  He was sentenced on October 25, 2004, to 120 months imprisonment and is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois.  His projected good conduct release date is December 7, 2012.

On June 12, 2006, Sounthala filed the instant motion pursuant to 28 U.S.C. § 2241. Sounthala argues that the State of Iowa has improperly lodged a detainer against him for charges of being a felon in possession of a firearm despite the fact that he was not a felon at the time stated in the charges.[1]  Sounthala asks this Court to issue a writ of habeas corpus dismissing the State of Iowa criminal charge with prejudice.

The Government filed a Motion to Dismiss Sounthala's § 2241 petition arguing that the § 2241 motion should be dismissed without prejudice because Sounthala has not exhausted his

---

[1] Sounthala concedes that he has since been convicted of a felony.

administrative remedies through the Bureau of Prisons. Sounthala filed a reply to the Government's response arguing that he is not required to exhaust his administrative remedies through the BOP.

Additionally, in his Reply, Sounthala informed the Court that on June 29, 2006, after he filed the instant motion, the Woodbury County Sheriff's Department located in Sioux City, Iowa, cancelled the detainer that is the subject of this motion. Specifically, it appears from the documents submitted by Sounthala that an Iowa warrant is still pending against Sounthala but "because of the costs involved [the sheriff] will not pursue the detainer." (Sounthala's Reply Brief, at 8.) The Sheriff's Office's notification letter also stated "[p]lease lodge a notify [sic] when subject is released from prison and we might change our mind if he is closer to our location." (Id.) As it appears from the documents that no formal detainer is pending against Sounthala, his § 2241 motion is moot.

Moreover, to the extent that Sounthala's motion asks this Court to dismiss the State of Iowa's charges against him, this Court does not have jurisdiction to do so. Sounthala must present his arguments to the State of Iowa and only after he has exhausted all of his possible state remedies can his motion possibly be addressed by this Court.

## CONCLUSION

For the reasons set forth above, Sounthala's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is MOOT and the Government's Motion to Dismiss the § 2241 Petition [#5] is also MOOT.

ENTERED this 1st day of August, 2006.

                                                      s/Michael M. Mihm
                                                      Michael M. Mihm
                                                      United States District Judge